## JOHN WASON vs. WILLIAM UNDERHILL.

Every person who sells spirits by retail without license is liable to the penalty in the first section of the act regulating licensed houses, whether such person sells on his own account or as the agent of another.

DEBT for a penalty alleged to have been incurred by the defendant at Chester, March 10, 1818, by selling ardent spirit by retail without license.

The cause was tried here at February term, 1821, upon the general issue, when it appeared in evidence, that the defendant in the sale of the spirit acted as the servant of one *James Severance*, on whose account solely the sale was made. Whereupon a verdict was taken by consent, for the defendant, subject to the opinion of the court whether a mere agent could incur the penalty of the statute.

*A. Kent* and *Mason*, for the defendant.

*French* and *J. Smith*, for the plaintiff.

*By the court.* The statute of June 14, 1791,(1) enacts, " that no person shall exercise the business of a taverner or " retailer without license." Whether the servants of a taverner or retailer can be said "to exercise the business" within the meaning of this clause in the statute, may be very questionable. *Bull. N. P.* 192.—1 *Saund.* 311, *note* 1.— 15 *East* 161, *Keen vs. Dormay.*

(1) 1 N. H. Laws 372.

But the statute goes on and says, "and if any person " shall at any time, without license, &c. sell any wine, rum, " &c. by retail, &c. such person shall for every such offence " forfeit and pay the sum of forty shillings." The case now before us is founded on this clause in the statute, and it seems to us that any person who sells is within the meaning of this clause in the statute, whether he sells on his own account or as the agent and servant of another. The language of this clause is as broad as it can be, and there seems to be no reason why agents should not be embraced by it. *Doug.* 499, *Kinnersby vs. Orpe.*—15 *East* 460, *the King vs. Taylor.*—5 *D. & E.* 19, *Colcroft vs. Gibbs.*

*Verdict set aside, and new trial granted.*